JOHN H. TAYLOR, Appellant, v. D. H. McFADDEN, Treasurer, Appellee.

1. **Cities and Towns:** ORDINANCES: EFFECT DEPENDENT UPON VOTE OF THE PEOPLE: CONSTITUTIONAL LAW. The restrictions of the state constitution which vest the legislative authority of the state in the general assembly alone, and which impliedly prohibit the submission of any act of that body to the people for their approval, are not applicable to the ordinances of cities and incorporated towns; and where an act of a city council is by law made dependent upon the approval of a majority of the voters of the municipality, as in the case of the establishment of waterworks, the council may by ordinance determine the kind and cost of the works to be erected, and the amount of tax to be levied therefor, before submitting to the people the question whether such works shall be established.

2. ———: ———: WATERWORKS. An ordinance of a city council providing for the establishment of a system of waterworks, and appropriating a sum named for sinking an artesian well, is not invalid for the reason that the system adopted may prove a failure, nor that the cost thereof cannot be known in advance.

3. ———: ———: APPROVAL OF VOTERS: MAJORITY. A law providing that an act of a city council shall not be authorized until a majority of the voters of the city, at a general or special election, by vote, approve the same, requires a majority only of those who vote to confer authority on the council to act.

4. ———: TAXES: CERTIFICATE TO COUNTY AUDITOR: IRREGULARITIES. The failure of a city council to certify to the county auditor the taxes levied by it for the year then ensuing until several weeks after the time provided by section 495 of the Code, but in time to have the same placed upon the tax list, will not render such taxes invalid.

5. ———: COUNCIL: RECORD OF PROCEEDINGS. Where a resolution for the levy of a tax was offered at a meeting of a city council, and subsequently ordered to be certified to the county auditor, but the records of the council do not show its adoption, the adoption of the resolution may be inferred from the offer and subsequent certificate.

6. ———: POWER TO LEVY TAXES. The authority given by law to cities and towns in this state to erect waterworks, carries with it the power to levy a tax for that purpose, provided such levy does not exceed the limitation provided by the constitution.

*Appeal from Davis District Court.*—HON. H. C. TRAVERSE, Judge.

MONDAY, JANUARY 23, 1892.

ACTION in equity to enjoin the defendant, as treasurer of Davis county, from collecting a certain tax levied upon the taxable property within the limits of the incorporated town of Bloomfield, under a certain ordinance passed by the council of said town. The answer admits all the allegations of the petition, but denies that the plaintiff is entitled to any relief because of said facts. A decree was entered dismissing the plaintiff's bill, and rendering judgment against him for costs, from which decree he appeals. The facts alleged appear in the opinion.—*Affirmed.*

*Henry C. Taylor* and *Payne & Eichelberger*, for appellant.

The general assembly cannot legally submit to the people the proposition whether an act should become a law or not. *Santo v. State*, 2 Iowa, 203, 207; *Geebrick v. State*, 5 Iowa, 493; *State v. Weir*, 33 Iowa, 135; *Dalby v. Wolf*, 14 Iowa, 230; *Morford v. Unger*, 8 Iowa, 87; *State v. King*, 37 Iowa, 467; *Weir v. Crane*, 37 Iowa, 652; *Lytle v. May*, 49 Iowa, 229; *Barts v. Himrod*, 59 Am. Dec. 506, 514, and note; *Parkes v. Commonwealth*, 47 Am. Dec. 500; *Santo v. State*, 63 Am. Dec. 518, and note; Cooley on Constitutional Limitation of Statutes, p. 120. The power to tax is a legislative power. Cooley on Taxation [2 Ed.] pp. 62, and 43, 44, and note 2. There can be no valid tax under an unconstitutional law. Cooley on Taxation [2 Ed.] p. 44, note; *Brown v. Denver*, 7 Col. 305. A town council, in establishing waterworks, must proceed under Code, sections 471 and 472. The powers conferred by law upon the council cannot be delegated to others. 1 Dillon on Municipal Corporations [4 Ed.]

sec. 96; *In re Wilson* (Minn.), 19 N. W. Rep. 723; *Thompson v. Schermerhorn*, 55 Am. Dec. 385; *Hydes v. Joyes*, 96 Am. Dec. 314; Cooley on Taxation [2 Ed.] p. 65; 1 Dillon on Municipal Corporations [4 Ed.] sec. 317. Code, section 495, requires that the council cause to be certified to the county auditor the taxes levied, on or before the first Monday in September. *Dishon v. Smith*, 10 Iowa, 218; *Williamsport v. Kent*, 14 Ind. 306; *Gearhart v. Dixon*, 1 Pa. St. 224. When by law a vote is required to be taken, and a majority of the legal voters is mentioned in such law as being necessary to carry the proposed measure, such majority must be a majority of all the legal voters entitled to vote at such election, and not merely a majority of those voting thereat. *State v. Francis*, (Mo.) 8 S. E. Rep. 1; *State v. Winklemeir*, 35 Mo. 103; *State v. Sutterfield*, 54 Mo. 392; *State v. Brassfield*, 67 Mo. 331; *State v. Mayor*, 73 Mo. 435; *State v. Swift*, 69 Ind. 531–542. The council has no authority to levy a special tax for waterworks. *Jeffries v. Lawrence*, 42 Iowa, 505; *Iowa Ry. Co. v. County of Sac*, 39 Iowa, 138; *Clark v. Davenport*, 14 Iowa, 494; *Clark v. Davenport*, 12 Iowa, 545; Cooley on Taxation [2 Ed.] p. 109; 1 Dillon on Municipal Corporations [4 Ed.] sec. 89.

*Burton & Jaques* and *S. S. Carruthers*, for appellee.

The town council was required to submit the proposition as to the erection of waterworks to the voters of the town. Code, section 471. The fact that a statute depends upon a future event or contingency for its taking effect, does not render it liable to the objection that it is a delegation of legislative authority to them upon whose act the taking effect of the law depends. *People v. Reynolds*, 10 Ill. 13; *People v. Saloman*, 51 Ill. 13; *Guilet v. Chicago*, 82 Ill. 472; 2 Desty on Taxation, p. 1191; 1 Dillon [4 Ed.] secs. 44, 309.

A court of equity will not interfere in the collection of a tax, on account of a mere irregularity. *Morrison v. Treasurer,* 32 Iowa, 279; *Land Company v. Sac County,* 39 Iowa, 124; *Land Company v. Carroll County,* 39 Iowa, 151; *Harwood v. Brownell,* 48 Iowa, 657. The proposition to establish waterworks received the requisite number of votes. Dillon on Municipal Corporations [4 Ed.] sec. 44, note 2, p. 78; *State v. Binder,* 38 Mo. 459; *State v. Mayor,* 37 Mo. 270; 2 Desty on Taxation, p. 1152; *Sanford v. Prentice,* 28 Wis. 358; *People ex rel. Mitchell v. Warfield,* 20 Ill. 160; *People ex rel. Wheaton v. Wiant,* 48 Ill. 263; *Melvin v. Lisenby,* 72 Ill. 63; *State v. Bechel,* (Neb.) 34 N. W. Rep. 342; *State v. Babcock,* 17 Neb. 188; s. c. 22 N. W. Rep. 372; *St. Joseph Township v. Rogers,* 16 Wall. 644; *People v. Garner,* 47 Ill. 246; *Railroad v. Davidson County,* 1 Sneed, 692; *Bridgeport v. Railroad,* 15 Conn. 475; *Talbot v. Dent,* Mon. 9, 526; *County of Cass v. Johnson,* 51 Otto, 360; *Gilleswie v. Palmer,* 20 Wis. 544; *Walker v. Oswald,* 11 Atl. Rep. 711; *Armour Bros. Banking Co. v. Commissioners,* 41 Fed. Rep. 321.

GIVEN, J.—I. The petition shows that on May 20, 1889, the council, on a call of the yeas and nays, by unanimous vote adopted the following ordinance: "An ordinance to provide a system of water-works for the town of Bloomfield, and to provide for an election submitting such question to the qualified voters of said town. Section 1. Be it ordained by the town council of the town of Bloomfield that a system of waterworks be established and provided for the supply of water to said town and the inhabitants thereof, under such plan as may be hereafter provided for. Sec. 2. There shall be appointed a standing committee, appointed by the mayor, on waterworks and water supply, consisting of three members of the council, which committee shall provide plans and make estimates for the instruction

of waterworks, and have the general management of the same under the direction of the council. Sec. 3. In order to furnish a supply of water for said town, there is hereby appropriated the sum of seven thousand and five hundred dollars for the purpose of sinking an artesian well, under the direction of the committee on waterworks and the approval of the council. Sec. 4. Said sum herein appropriated shall be raised by an annual levy of five mills each year on the taxable property of said town, to be levied and collected as other taxes. Sec. 5. The appropriation and levy herein provided for shall be submitted to the legal voters of said town, at a special election to be held on Tuesday, the second day of July, A. D. 1889, under a proclamation to be issued by the mayor, to be published for five weeks in the 'Bloomfield Democrat,' 'Davis County Republican,' and 'Legal Tender Greenback,' which proclamation shall submit to the legal voters the following proposition: 'Shall waterworks be established in the town of Bloomfield, and seven thousand and five hundred dollars be appropriated therefor?' And the form of the vote shall be by a written or printed ballot, with said question thereon, followed by the words 'Yes' or 'No;' and if a majority of the ballots cast shall show the answer to be 'Yes' to such question, then this ordinance shall be in full force; otherwise to be of no effect. And said election shall be held at the place designated by the proclamation, and such election shall be conducted as other elections are required by law to be conducted.

"C. E. COLONEY,
"Attest:                                     Mayor.
        "J. BOYER,
            "Recorder."

Under authority of this ordinance the mayor, on May 27, 1889, issued his proclamation for an election to be held at his office July 2, 1889, "at which election all legal voters who desire to vote for or against the

provisions of said ordinance will cast their ballots for or against said ordinance as follows, to wit: Those favoring the same will have printed or written on their ballots, 'Shall waterworks be established in the town of Bloomfield, and seven thousand and five hundred dollars be appropriated therefor? Yes.' Those opposed to said ordinance will have said question writtten or printed on their ballots, followed by the word 'No.'" The form of ticket used at that election was as follows: "Shall waterworks be established in the town of Bloomfield, and seven thousand five hundred dollars be appropriated therefor? Yes. No." Three hundred ballots were cast at this election, one hundred and sixty-five of which were "Yes," and one hundred and thirty-five "No." On September 24, 1889, said council caused the following resolution to be certified to the auditor of the county by the recorder of the town:

"Resolved, that a tax of six mills on the dollar for ordinary expense be levied on the assessed valuation of the property of the town, as assessed for the year A. D. 1889, and a tax of five mills on the dollar on such valuation, for artesian well and waterworks, on all property liable for such taxation, and a tax of four mills on the dollar for road purposes be levied on all farm property, and six mills on the dollar on all other property within the corporate limits. The recorder is ordered to certify the foregoing to the county auditor."

It is alleged that this resolution was offered at a council meeting, September 23, 1889, but "was not voted upon or adopted by the said council, as shown by its records;" that after the same was so certified the auditor placed the same on the tax books of the county, as taxes due from taxpayers, and that the defendant is proceeding to collect the same. It is also alleged that, at the time of said election, there were in said town more than four hundred legal voters and electors.

II. The appellant's first contention is that the ordinance authorizing this tax is void, because its

taking effect was made to depend upon a vote of the people. *Santo v. State*, 2 Iowa, 203, and cases following that, are relied upon. In that case it is held that "the general assembly cannot legally submit to the people the proposition whether an act should become a law or not; and the people have no power in their primary or individual capacity to make laws. They do this by representatives." This ruling is based upon the constitutional provisions vesting the legislative authority of the state in the general assembly, and prescribing how laws may be enacted, approved and of effect. These restrictions do not apply to the legislative authority of the councils of incorporated towns or cities; their powers are conferred by and limited to those expressed in the charter or statutes under which the municipal corporation exists and operates. The legislative powers of the state are conferred upon the general assembly, and exercised independently of any vote of the people approving or disapproving the laws enacted; not so, however, as to the action of city and town councils in establishing waterworks. While section 471 of the Code confers upon cities and incorporated towns power to erect or to authorize the erection of waterworks, it is expressly provided, "but no such works shall be erected or authorized until a majority of the voters of the city or town, at a general or special election, by vote, approve the same." It is the approving vote that authorizes the erection of the waterworks. The argument is that the council had no power to enact this ordinance until after an approving vote. True, no action of theirs could establish waterworks, without the approving vote; but there is nothing in reason or the law why they might not express, in the form of ordinance or otherwise, the material conditions, such as the kind of works and cost, upon which the vote was to be taken. Indeed, such a submission would be less questionable

*1. CITIES and towns: ordinances: effect dependent upon vote of the people: constitutional law.*

than where the vote was called for upon the naked proposition of, for or against the works. The vote determines simply whether the works shall be erected or authorized or not, and, while a council might proceed differently, we discover no reason why they may not, in advance of the vote, determine upon the kind of waterworks, the probable cost thereof, the amount of tax to be levied, and the like, thus leaving the people to vote more understandingly, and these provisions to have the double sanction of the council and people. We think the action of the council in enacting this ordinance when and as they did, and in submitting the proposition to a vote, was fully authorized by the law.

III. It is argued that the ordinance fails to establish any system of waterworks; that there is, therefore, no basis for taxing, as no system may ever be agreed upon, and no tax required. By the vote the council are authorized to erect waterworks, and by the ordinance they levied and appropriated seventy-five hundred dollars "for the purpose of sinking an artesian well." The system is an artesian well,—a system that has proven satisfactory in many localities. That the cost could not be known in advance, or that the effect may prove a failure, is no argument against the right of the people and council to adopt such a system. It is this system that is provided for in the ordinance, and which the committee of the council are to erect and manage under the direction of the council.

2. ——: ——: waterworks.

IV. It is contended that the proposition to authorize waterworks did not receive the required number of votes. It did receive a majority of the votes cast, but not a majority of all the votes which, it is alleged, were of the town. The approval must be by a "majority of the voters of the city or town," but how is that to be determined? There was no provision for ascertaining the number of

3. ——: ——: approval of voters: majority.

persons in the town who were qualified to vote at that election, except as they appeared and voted. It is only by the vote cast that the result of such elections can be determined. That those not voting are to be counted is at variance with our system of elections. Ample notice is provided to electors, and the result must necessarily be determined by the vote cast. The voters of the city or town, contemplated in the statute, are those who, after the required notice, come to the polls and deposit their ballots. See Dillon on Municipal Corporations, sec. 44; 2 Desty on Taxation, p. 1152; *Mitchell v. Warfield*, 20 Ill. 160; *Wheaton v. Wiant*, 48 Ill. 263; *St. Joseph Township v. Rogers*, 16 Wall. 644; *Sanford v. Prentice*, 28 Wis. 358.

V. The tax in question was not certified to the county auditor until September 24, 1889. The appellant contends that, under section 495 of the Code,* this tax was required to be certified on or before the first Monday in September, and, not being certified until after that date, the defendant has no authority to collect the same. This omission is without prejudice to the taxpayers, as it does not increase their liability beyond what it would have been had the tax been certified within the time named. It was certified in time to be placed upon the tax list. It was, at most, but an irregularity, and, as said in *Morrison v. Hershire*, 32 Iowa, 271, "the relief asked is not the correction of these irregularities or effects following them, but that the acts of the city in the execution of its legally conferred power, on account of these irregularities, be annulled and held for naught. We know of no principle of law that will permit this to be done."

*4, ——: taxes: certificate to county auditor: irregularities.*

VI. It is alleged that the resolution certified to the auditor "was not voted upon nor adopted by said

*Note.—By the statute cited, the council or trustees "of each municipal corporation is required to cause to be certified to the county auditor, on or before the first Monday of September of each year, the percentage or number of mills on the dollar of tax levied for all city purposes by them on the taxable property within said corporation for the year next ensuing, as shown by the assessment roll of the city for said year."

council, as shown by its records." It is conceded that the resolution was offered at the council meeting, and that it was certified by order of the council; but the objection is that the record fails to show that it was adopted by the council. We think, notwithstanding this omission in the record, the adoption may be inferred· from the fact that the resolution was offered, was ordered to be and was certified to the auditor.

5. ——: council: record of proceedings.

VII. The appellant's further contention is that municipal corporations have no authority to levy taxes, except as expressly conferred by statute, and that no authority is given to levy a special tax for the erection of waterworks. In *Jeffries v. Lawrence*, 42 Iowa, 505, it is said: "The doctrine everywhere prevails that no taxes can be levied by municipal corporations in the absence of authority conferred by the statute, if not in terms, yet by plain and unmistakable implication." We think the authority given to such corporations to erect waterworks, by plain and unmistakable implication, carries with it the power to levy a tax for that purpose, provided such levy does not exceed the limitation. See 1 Dillon on Municipal Corporations, sec. 122, 123; *City of Quincy v. United States*, 113 U. S. 322, 5 Sup. Ct. Rep. 544; *United States v. New Orleans*, 98 U. S. 393. In *Jeffries v. Lawrence, supra*, cited by the appellant, it was held that the city did not possess· authority to levy taxes in excess of the restriction prescribed in its amended charter to pay certain bonds. The restriction placed upon municipal corporations was also the controlling consideration in *Iowa R. L. Co. v. County of Sac*, 39 Iowa, 126, and in *Clark v. City of Davenport*, 14 Iowa, 495. It does not appear here that the levy in question is in excess of the limit.

6. ——: power to levy taxes.

These considerations lead us to the conclusion that the judgment of the district court should be AFFIRMED.