(No. 21238.—

THE PEOPLE *ex rel.* John O. Newbould, County Collector, Appellant, *vs.* THE WABASH RAILWAY COMPANY, Appellee.

*Opinion filed June 24, 1932.*

R. B. FOSTER, State's Attorney, and F. J. THOMPSON, for appellant.

C. R. PATTERSON, (L. H. STRASSER, and N. S. BROWN, of counsel,) for appellee.

Mr. COMMISSIONER EDMUNDS reported this opinion:

This is an appeal from a judgment of the county court of Moultrie county sustaining the objections of the Wabash Railway Company to a certain tax for the year 1930 and denying the application of the county collector for judgment and order of sale against objector's property.

In 1879 the General Assembly enacted a statute providing "that public graveyards in this State, not under the control of any corporation, sole organization or society and located within the limits of cities, villages, towns, townships, or counties not under township organization, shall and may be controlled or vacated by the corporate authorities of such city, village, town, township or county, in such manner as such authorities may deem proper, and in the case of towns such control may be vested in three trustees, to be elected annually by the voters of such town at the annual town meeting therein." (Laws of 1879, p. 63.) Subsequent amendments to this act dealt with the terms of such trustees. In 1921 the General Assembly added the following section to the statute in question: "The legislative authority of any city, village or incorporated town, the county board of any county not under township organization, or the voters of any town at an annual town meeting may accept a conveyance from any person, corporation, association or society of any property within the limits of the city, village or incorporated town, county or town which has been or is used as a public graveyard or burial ground. After the acceptance of any such conveyance the property conveyed shall be under the control, management and ownership of the city, village, incorporated town, county or town." Laws of 1921, p. 161.

At the annual town meeting held in the town of Lovington, in Moultrie county, on April 6, 1880, the electors voted that the public graveyards in the town be placed under the control of a board of three trustees. Three trustees were

thereupon elected to take control of the graveyards, and the sum of $300 was levied at the meeting for the purpose of fencing and repairing the graveyards. Deeds were made to the trustees for the various graveyards in said town. Two of these graveyards are small in area and no lots were or are sold therein by the trustees. In the three larger ones lots are sold. The charge made for lots and grave-digging to residents of the township is substantially less than that made to persons living elsewhere. In the year 1930 the trustees received from the sale of lots and from grave-digging the sum of $356.40. At the town meeting held April 1, 1930, the electors directed that the sum of $5000 be levied as a tax upon all the property in the town of Lovington, including railroads. Included in this levy was an item of $2500 "for maintenance of cemetery." It is against this item that the objections of appellee are directed.

The powers of electors at town meetings are set out in "An act to revise the law in relation to township organization." Paragraph 3 of section 3 of article 4 of that act confers the power to direct the raising of money by taxation, and is as follows: "To direct the raising of money by taxation for the following purposes: First—For constructing or repairing roads, bridges or causeways within the town, to the extent allowed by law. Second—For the prosecution or defense of suits by or against the town, or in which it is interested. Third—For any other purpose required by law. Fourth—For the purpose of building or repairing bridges or causeways in any other town in the same county or in another county." Cahill's Stat. 1931, chap. 139, par. 39; Smith's Stat. 1931, chap. 139, par. 39.

Appellant contends that the public graveyards in the town of Lovington having been placed under the control, management and ownership of said town their maintenance was a township purpose, and being a township purpose the electors at the annual town meeting had the power to make the levy in question. Strong reliance is placed upon the

statement made in *Peoria, Decatur and Evansville Railway
Co. v. People,* 141 Ill. 483, that paragraph 3 of section 3
of article 4 of the Township Organization act "clearly con-
fers the power upon the electors present at the annual town
meeting, to direct the raising of money, by taxation, for
all township purposes." Counsel also rely on *Peoria, De-
catur and Evansville Railway Co. v. People,* 116 Ill. 401,
where the court said: "The rule seems to be well recog-
nized that where the legislature confers authority on a
county or other municipal body having the power to levy
taxes, to contract a debt for some specific object and makes
no special provision for its payment, the very act of con-
ferring the power to create the liability by implication clothes
the municipal authorities with power to levy the necessary
tax for its discharge." Counsel also cite *Taylor* v. *Mc-
Fadden,* 84 Iowa, 262, where it was held that authority
given by the statute to erect waterworks carried with it
power to levy a tax for that purpose; also *Hackett* v.
*School District,* 150 Pa. St. 220, holding that authority to
rent buildings for school purposes carried with it power to
levy a tax to pay such rent.

The rule accepted by all authorities is that the language
of an act granting the authority to tax shall be strictly
construed. The reasonable presumption is that the State
has granted in clear and unmistakable terms all it intends
to grant, and the municipal authorities who assume to ex-
ercise the power to tax must be able to show their warrant
for the exercise in the words of the act granting the power.
(*People* v. *Public Service Co.* 328 Ill. 440; *Town of Drum-
mer* v. *Cox,* 165 id. 648; *Drake* v. *Phillips,* 40 id. 388.)
This court has said that in the case of a municipal tax its
validity depends upon whether the power to levy it has been
expressly granted. (*Metropolis Theater Co.* v. *City of Chi-
cago,* 246 Ill. 20.) We are referred to no statute which
specifically conferred upon the electors of the town of Lov-

ington the power to levy a tax to maintain cemeteries. The reliance of counsel is upon that portion of paragraph 3 of section 3 of article 4 which gives power to direct the raising of money by taxation "for any other purpose required by law." It is true that by virtue of the statutes dealing with public graveyards and the action of the town of Lovington certain graveyards may be taken to have come under the control, management and ownership of said town. However, these statutes do not provide that towns shall "maintain" such graveyards although the levy was for "maintenance," and in their argument counsel have used the term "maintenance" rather than the words "control," "management" and "ownership" found in the statute. There is nothing in these statutes which required the town to incur debts in connection with such graveyards. The present case is clearly distinguishable from *Peoria, Decatur and Evansville Railway Co.* v. *People,* 116 Ill. 401, *Taylor* v. *McFadden, supra,* and *Hackett* v. *School District, supra,* in that those cases authorized the municipality to undertake a specific object, which necessarily involved the creation of a debt. It cannot in the present connection avail appellant to characterize the "maintenance" of cemeteries as a "township purpose," because the sole authority for levying the tax is the provision that the tax must be for a purpose "required by law," and in the absence of a showing that the purpose was of such nature there is no warrant for upholding the tax.

The judgment of the county court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*