(No. 14912.—Decree affirmed.)

E. D. HARRIS *et al.* Appellants, *vs.* D. G. GORDLEY *et al.* Appellees.

*Opinion filed December 19, 1922.*

1. TAXES—*notice of special election for road tax need not state that tax is to be annual.* Notice of a special election under section 108 of the Road and Bridge act, as amended in 1919, (Laws of 1919, p. 846,) to vote on levying a tax for a period of five years for road purposes, need not state the tax is to be levied annually.

2. SAME—*tax should be levied for year in which it was voted.* Where a special election for road taxes is held in May, 1921, and the proposition carries, the tax is to be levied for the year 1921 and the four succeeding years.

APPEAL from the Circuit Court of Brown county; the Hon. FRED G. WOLFE, Judge, presiding.

R. E. VANDEVENTER, and JOHN E. WALL, for appellants.

S. A. HUBBARD, LOUIS LACROIX, and WALTER I. MANNY, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Seventy tax-payers of the town of Buckhorn, in Brown county, filed a bill in the circuit court to enjoin the extension and collection of a tax of 66⅔ cents on each $100 valuation of the taxable property in the town of Buckhorn for the purpose of improving, maintaining and repairing an earth road by oil-treating and dragging for the years 1921, 1922, 1923, 1924 and 1925. The county clerk and county treasurer, the town of Buckhorn, the town clerk and the highway commissioner were made defendants to the bill. They demurred, their demurrer was sustained, the complainants elected to stand by their bill, the court dismissed the bill for want of equity, and six of the complainants have appealed.

The bill alleged that a petition was filed on April 4, 1921, in the town clerk's office, praying that a special election should be called on May 3, 1921, for the purpose of voting on the proposition to levy a tax of 66⅔ cents on each $100 valuation of the taxable property in the town for the period of five years for the purpose of improving, maintaining and repairing an earth road in said town (describing the road) by oil-treating and dragging said road; that on April 19, 1921, the town clerk posted notices that a special town meeting was called for May 3, 1921, to vote on the proposition; that the election was held at the time and place mentioned in the notice; that 167 votes were cast for the proposition and 108 against it; that the town clerk on September 6, 1921, filed his certificate with the county clerk, in accordance with the vote, that he had levied an annual tax of 66⅔ cents on each $100 of the valuation of all taxable property in the town for the years 1921, 1922, 1923, 1924 and 1925; that the county clerk is about to extend the tax against the lands of the complainants in said town for the year 1921, and for four years thereafter, unless restrained by the decree of the court, and that the county treasurer is about to ask for and get judgment in the county court against the lands of complainants in said town for the tax unless restrained by injunction; that the tax is void because the petition and notice for the election did not specify that such tax was to be an annual tax or that said tax was to be levied and assessed for the current year, and that the county clerk had no authority to extend the tax or the county treasurer to ask or attempt to get judgment against the lands of the complainants for the tax.

The election was held under section 108 of the Road and Bridge act as amended in 1919, (Laws of 1919, p. 846,) which provides: "On the petition of twenty-five per cent of the land owners who are legal voters of any township to the town clerk thereof in counties under township organization or road districts in counties under township organi-

zation, to the district clerk he shall, when giving notice of the time and place for holding the next annual town meeting or road district election, also give notice that a vote will be taken at said election or meeting for or against an annual tax not to exceed sixty-six and two-thirds (66⅔) cents on each $100 assessed valuation of all the taxable property, including railroads, in the township or road district, for the purpose of constructing and maintaining gravel, rock macadam, or other hard roads, or for improving, maintaining or repairing earth roads by draining, grading, oil-treating or dragging. Said petition shall state the location and route of the proposed road or roads, and shall also state the annual rate per cent not exceeding sixty-six and two-thirds (66⅔) cents on each $100 and the number of years not exceeding five, for which said tax shall be levied. If in any such petition a special election shall be requested for such purposes it shall be called in the manner provided for calling special elections in section 112 of this act."

The objection made is, that since neither the petition nor notice states that the tax to be levied is an annual tax, and since they do not show when the five years for which the tax is to be levied begins, there is no basis from which the taxing officer can determine when the first annual tax should be levied. The statutes of this State provide for the levy and collection of taxes annually, and no other tax is known to the law except an annual tax, so that when the petition asked for the calling of a special election for the purpose of voting upon the proposition to levy a tax of 66⅔ cents for the period of five years, it could refer to nothing but an annual tax each year of the five years. The Road and Bridge act provides for the levy of taxes for road and bridge purposes by the highway commissioner on the first Tuesday in September of each year. The election was to be held, and was held, on the third day of May. If

the vote was in favor of the proposition to levy the tax the highway commissioner was authorized to levy it for five years. The vote was in favor of the levying of the tax, and section 110 required the commissioner of highways to levy an annual tax in accordance with the vote and certify it to the county clerk, and required the county clerk to cause the levy so certified to him to be extended on the tax books for the current year and for each succeeding year, as stated in the certificate so filed with him. Under this section the tax was required to be levied and extended in the year 1921 and the succeeding four years.

The decree of the circuit court will be affirmed.

*Decree affirmed.*