(No. 16304.—Judgment affirmed.)

THE PEOPLE *ex rel.* Ira E. Pearsall, County Collector, Appellee, *vs.* THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1924.*

1. TAXES—*when consent to additional town road and bridge tax must be obtained.* Consent to the levy of an additional town road and bridge tax is sufficient if obtained prior to the levy of such tax by the commissioner of highways on the first Tuesday in September, and the amendment of 1923 to the Township Organization act (Smith's Stat. 1923, p. 2098,) with reference to special meetings of the board of town auditors does not affect the meaning of the words "before the first Tuesday in September," in section 56 of the Roads and Bridges act, as heretofore construed.

2. SAME—*when it will be presumed that a majority of town auditors agreed to an additional road and bridge tax.* Where the written consent to an additional tax for road and bridge purposes is signed by two members of the board of town auditors,—one a justice of the peace and the other a supervisor,—it will be presumed, in the absence of evidence that there were two justices of the peace, both members of the board with the town clerk and supervisor, that such signers constitute a majority of the board, as every presumption is in favor of the regularity of the tax.

3. SAME—*court will not take judicial notice of number of justices of peace in a town.* Although the law requires the election of two justices of the peace in a particular town, the Supreme Court will not take judicial notice that two justices qualified and

were acting as such officers where the question is raised in a proceeding to collect delinquent taxes and there is no evidence in the record to the effect that the town had two justices.

4. SAME—*when town clerk's records may be amended and introduced.* In a county collector's proceeding for delinquent taxes the town clerk's records may be amended, in accordance with the facts, to show the required action of the board of town auditors in the levy of an additional town road and bridge tax, where the records are incomplete and the clerk or supervisor testifies as to such meetings, and when properly amended the records may be introduced in evidence.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

CARL S. JEFFERSON, M. L. BLUHM, and ERNEST S. GAIL, for appellant.

ASHBEL V. SMITH, State's Attorney, (SIDNEY H. BLOCK, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the county court of Lake county overruling certain objections of the Chicago, Milwaukee and St. Paul Railway Company to the application of the county collector for judgment and sale against the lands, rolling stock and right of way of the company, returned as delinquent in respect to a portion of the taxes for the year 1923.

It is contended by appellant that in the towns of Avon, Warren, Fremont, Grant and West Deerfield, in Lake county, Illinois, the action taken to give consent in writing to the levy of an additional sixteen cents on the $100 for road and bridge tax by the highway commissioners for 1923 was not taken before the first Tuesday in September, 1923, and that therefore such consents were void. The evidence shows that in each instance the consent in writing to the levy of the additional road tax was given by the board of

town auditors at the annual meeting on September 4, 1923, and prior to the levy of such tax on said day by the highway commissioner. Such consents were therefore given before the first Tuesday in September, 1923, as the words "before the first Tuesday in September" are used in section 56 of the Road and Bridge law. (*People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 307 id. 162; *People* v. *Wabash Railway Co.* 311 id. 579.) The amendment of the Township Organization act in 1923 with reference to special meetings of the boards of town auditors does not affect the meaning of the words "before the first Tuesday in September," in section 56 of the Road and Bridge act, as the same had been theretofore interpreted by this court. (25 R. C. L. 992.)

The next point urged by appellant is that the purported consent of the members of the board of town auditors of the township of Fremont was not given by a majority of the members of the board of town auditors for the reason that it is signed by only two members,—one a justice of the peace and the other a supervisor,—and that it was therefore void. By law the board of town auditors consists of the supervisor, town clerk and justices of the peace. Appellant's contention is that in this town the board consisted of four persons: the supervisor, town clerk and two justices of the peace. There is no evidence in the record that in this town, at the time in question, there were two justices of the peace. While the law required the election of two justices of the peace in the town, we cannot take judicial notice that two justices of the peace qualified and were acting as such officers at the time in question, and there is no evidence in the record to the effect that the town had two justices of the peace. There is no evidence in the record to show that in this town the board of town auditors consisted of more than three persons, one of whom (the town clerk) is shown by the evidence to have been ill at

the time of the meeting. In tax matters every presumption is in favor of regularity, and it will therefore be presumed, in the absence of evidence to the contrary, that the two signers to the consent in question constituted a majority of the board of town auditors and that such consent was therefore valid.

The next point urged by appellant is that no records were kept by the various town clerks in the towns of Avon, Warren, Fremont, Grant and West Deerfield, and that such records as were kept in those towns were insufficient to show the proper action of the respective boards. While at the time the records were introduced in evidence they were defective and incomplete, in each instance the clerk or supervisor testified that a meeting of the board of town auditors was actually held and that the written consent was given at such meeting, and in each instance the commissioner of highways testified that he executed the proper certificate for the extension of the tax and submitted the same to the county clerk, as required by law. In each instance where the records were incomplete under the contention of objectors, the trial court permitted the clerk to make amendments in order that his records should speak the truth, and the amended records were offered in evidence. These amendments were properly allowed. *People* v. *Payne*, 296 Ill. 236.

The evidence shows that the certificates of levy were filed with the county clerk in ample time and were presented to the board and approved and confirmed by the board of supervisors.

After the amendments to the records were made the court properly overruled appellant's objections to the taxes and rendered judgment therefor.

The judgment of the county court is affirmed.

*Judgment affirmed.*