THE PEOPLE *ex rel.* Ira E. Pearsall, County Collector, Appellee, *vs.* THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1925—Rehearing denied Feb. 5, 1926.*

1. TAXES—*levies for miscellaneous expenses should be small in proportion to total levies.* Levies of county or town taxes for miscellaneous expenses should be very small in proportion to the entire tax levy in the county or town.

2. SAME—*consent to additional town road and bridge tax can not be given at special meeting.* Consent to the levy of an additional town road and bridge tax cannot be given at a special meeting of the board of town auditors held pursuant to the amendment of 1923 to the Township Organization act, as the amendment did not change the meaning of section 56 of the Road and Bridge act, which requires the consent to be given at the regular meeting on the first Tuesday of September before the making of the levy.

3. SAME—*certificate of levy for town road and bridge purposes must be itemized—amendment.* The certificate of the levy of a town road and bridge tax must be itemized so as to show the amounts to be levied for the various purposes, and an amendment of the certificate in accordance with the testimony of the commissioner of highways cannot avail where the certificate as filed with the county clerk was not itemized, as the information conveyed by the itemization is needful to enable the county board to exercise an advisory judgment in approving the amount of the levy.

4. SAME—*objections not made below cannot be considered on review.* Objections to a tax cannot be considered when made for the first time in the Supreme Court, different objections having been made to the tax in the lower court.

5. SAME—*legislature may delegate taxing power.* The general taxing power is vested in the legislature, but it may delegate such power to the various municipalities of the State.

6. SAME—*additional tax for park purposes need not be voted in each year.* The provision of section 1 of the act of 1907 for establishing parks in cities of less than 50,000, that a city or village of 1500 or more inhabitants may by vote levy an annual tax in addition to or in excess of taxes levied as limited by section 1 of article 8 of the Cities and Villages act, is the grant of a continuing power, and when accepted by the electors of a city or village in a particular year it is not necessary to vote upon the question thereafter in each succeeding year to render the additional tax legal.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

E. V. ORVIS, and CARL S. JEFFERSON, for appellant.

ASHBEL V. SMITH, (ARTHUR BULKLEY, and SIDNEY H. BLOCK, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from the judgment of the county court of Lake county, Illinois, overruling objections of appellant to the application of appellee for an order of judgment and sale against real estate of appellant returned delinquent for non-payment of taxes for the year 1924.

In the levy for the county tax there was an unitemized amount of $20,000 levied for miscellaneous claims. The levy for general county purposes was $285,400. In the town of Libertyville there was a levy of $500 for unitemized miscellaneous expenses and town supplies. The total levy for town tax was $3500. In the town of Grant there was a levy of $400 for unitemized contingent expenses. The total levy for the town was $2100. In the town of Shields there was an unitemized levy of $1900 for contingent expenses. The total levy for the town was $4500. This court has recognized the necessity for an assessment of a small amount for contingent or miscellaneous expenses, for the reason that it is not possible to foresee all contingen-

cies requiring the expenditure of money. Such levy, how-
ever, must be a very small proportion of the entire tax.
The right of the tax-payer to have separately stated the pur-
poses for which the tax is levied is a substantial right, of
which he cannot be deprived through the guise of possible
needs. (*People* v. *Millard,* 307 Ill. 556; *People* v. *Wabash
Railway Co.* 314 id. 388.) When these respective levies are
tested by the rules heretofore laid down by this court they
must be held to be invalid, and the court erred in not sus-
taining appellant's objections to the same.

In the towns of Fremont, Libertyville, Avon, Grant,
Warren and Newport, respectively, there was a levy of
66 cents on each $100 for road and bridge tax, the excess
of 16 cents in each case being based upon consents of the
boards of town auditors at special meetings held before the
first Tuesday in September. The amendment to the Town-
ship Organization act of 1923 authorizes special meetings
of boards of town auditors. This amendment, however,
did not change the meaning of section 56 of the Road and
Bridge act, which authorizes the extension of a levy by the
highway commissioner of a greater rate than 50 cents on
each $100. This court has repeatedly held section 56 to
mean that the consent of the town auditors can only legally
be given at the regular meeting on the first Tuesday of Sep-
tember before the making of such levy by the commissioner.
The full audit of the claims of the highway commissioner
can only be made on the first Tuesday in September, and
before that time it cannot be definitely ascertained what
amount is necessary to be raised by taxation. The objec-
tion to the excess of 16 cents in each of these towns should
have been sustained.

In the town of Shields the highway commissioner lev-
ied a lump sum for road and bridge purposes instead of
stating separately the several amounts to be levied for the
various purposes, as required by law, and filed his certificate
with the county clerk accordingly. Upon the trial the com-

missioner of highways of the town testified that he was present at the meeting of September 2, 1924, and at that time it was determined that it would require $7000 for the construction of new roads and $33,000 for the maintenance of roads, and that the rate of tax necessary to be levied for 1924 would be 40 cents on each $100, and that the total amount to be raised was $40,000. A motion was made by appellee to amend the certificate in accordance with the facts. An amended certificate was made and offered in evidence. While the law permits amendments of public records so as to make them state the facts, the amendment could be of no avail in this case for the reason that the certificate required by section 56 to be filed in the office of the county clerk was not itemized, and the information conveyed by the itemization is needful to enable the county board to exercise an advisory judgment in approving the amount of the levy. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 314 Ill. 455.) The court should have sustained appellant's objection to this tax.

It is argued by appellant that the record does not show that there was any necessity to levy taxes for damages for laying out roads and ditches in the towns of Libertyville, Fremont, Newport and Warren, and that the damages for which a levy of 13 cents had been made in each of those towns had all been previously paid, or paid about the time of the levy, out of other funds that were on hand. This contention cannot be considered as these objections were not made to the taxes in the court below, the objections which were there made being: "No damages in favor of any property owner have been allowed, agreed upon or awarded for purposes stated, as shown by the records in the town clerk's office. Also the damages certified are for State-aid roads, which have passed from the control of the highway commissioner, and he has no authority to levy a tax for damages for laying out, altering, widening or ditching to drain State-aid roads."

Appellant objected to the school tax in school district No. 112. On the trial of the case, when the matter was first called to the attention of the trial court, counsel for appellee conceded that the objection was well taken on the ground that the tax had not been legally levied, and appellant's objection to the same was sustained. After the hearing upon the objections was completed it was discovered that appellant's tax in this school district was paid in full prior to the time the application for a judgment and order of sale was made by the county collector. Thereupon counsel for appellee moved the court for a rehearing on the objection, which was granted and evidence introduced showing such payment. A motion by appellee that this objection be stricken was allowed by the court and judgment for $751 was entered against the lands of the objector for said tax. This action of the court was clearly erroneous.

Objection was made to the village tax of the village of Libertyville. The ordinance from which this tax was extended contained an item of $1600 for parks. The county clerk extended a rate of $1.33 for general purposes and a rate of 20 cents for park purposes. No election was held by the electors in the village for the purpose of authorizing an additional levy for park purposes in the years 1923 and 1924, but the record shows that in 1920 an election was held in accordance with the provisions of paragraph 114 of chapter 105, (Callaghan's Stat.) at which election the proposition was carried to levy an annual tax of not to exceed two mills on the dollar on all taxable property in addition to the general village tax authorized by law for the year 1921 and subsequent years. Paragraph 114, after giving cities and villages power to purchase, establish and maintain parks and authorizing the levy of a tax not to exceed two mills on the dollar annually, provides "that if the inhabitants of any city or village having a population of 1500 or more shall by vote so determine, said annual tax may be levied in addition to or in excess of taxes levied as limited by sec-

tion 1 of article 8 of 'An act for the incorporation of cities and villages.' " The general taxing power is vested in the legislature, and it may delegate such power to the various municipalities of the State. This power has been delegated in various ways, sometimes in the form of special charters, sometimes by general laws conferring powers upon all cities and villages, and sometimes by a grant of a power which may only become operative when accepted by the municipality by a vote of the electors thereof. The power granted to cities and villages by the body of paragraph 114 is to levy an annual tax for park purposes and is the grant of a continuing power. The grant contained in the proviso of the act, when accepted by the electors, is likewise the grant of power to levy an annual tax in addition to the limitation contained in the Cities and Villages act and is likewise the grant of a continuing power. This grant of power having been accepted by the electors of the village of Libertyville in 1920, it was not necessary to vote upon the question thereafter in each succeeding year to render such additional tax legal. The court properly overruled the objection to the tax.

The judgment of the county court will be reversed as to the item of $409.93 levied for unitemized miscellaneous county tax; the items of $62.83, $54.08 and $3.92 for unitemized miscellaneous expenses of the towns of Libertyville, Grant and Shields, respectively; the items of $50.37, $541.57, $196.41, $223.04, $272.35 and $270.10 for excess road and bridge tax in the towns of Fremont, Libertyville, Avon, Grant, Warren and Newport, respectively; the item of $62.02 road and bridge tax of the town of Shields; and the item of $751.50 tax in school district No. 112. It will be affirmed as to the other items complained of.

*Affirmed in part and reversed in part.*