THE PEOPLE *ex rel.* Walter Clark, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1925.*

TAXES—*when consent to additional town road and bridge tax must be obtained.* The amendment to the Township Organization law authorizing the board of town auditors to hold special meetings did not confer on it the power to give consent to the levy of additional road and bridge taxes at such meetings, and such amendment cannot be construed as an amendment of section 56 of the Road and Bridge act so as to confer such power on the board of town auditors, but the consent to such additional tax must be obtained at the regular meeting of the board on the first Tuesday in September before the making of the levy.

APPEAL from the County Court of Jefferson county; the Hon. A. G. ABNEY, Judge, presiding.

ALBERT WATSON, (HOMER T. DICK, CONRAD SCHUL, and STANLEY WATSON, of counsel,) for appellant.

JOE FRANK ALLEN, (NEIL THOMPSON, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant objected to judgment for delinquent taxes. In each of the townships of Jefferson county the commissioner of highways levied for road and bridge purposes sixty-six cents on each $100 of property value, fifty cents of which levy was by virtue of section 56 of the Road and Bridge act and sixteen cents of the amount was with the consent of the boards of town auditors of the various townships, entered at special meetings regularly called and held before the first Tuesday in September. The county court overruled all objections, and appellant brings the cause here for review.

It is stipulated that the only question presented for decision is whether or not the board of town auditors may consent to an additional tax at a special meeting called for the purpose of considering that matter, before the first Tuesday in September. In *People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402, section 56 of the Road and Bridge act, prohibiting the levy of a road and bridge tax at a rate greater than fifty cents on the $100 unless before the first Tuesday in September the board of highway commissioners of the town should have secured the consent in writing of a majority of the members of the board of town auditors to the levy of a greater rate, was construed to mean that the consent of the board of town auditors is to be given on the first Tuesday in September before the making of the levy for the additional amount required to be made on that day. At that time the law provided no other meeting of the board of town auditors at which consent could be given. On June 30, 1923, the Township Organization law was amended to provide for meetings of the board of town auditors, other than those specified in the act, at such times as it might determine. The amendment also provided the manner in which such special meetings may be called. In *People* v. *Illinois Central Railroad Co.* 314 Ill. 339, it was held that the amendment of the Town-

ship Organization law in nowise changed section 56 of the
Road and Bridge act, and it was there also held that, not-
withstanding said amendment, consent of the board of town
auditors secured on the first Tuesday in September rendered
the levy valid.

The question involved here is whether the consent se-
cured at a regularly called special meeting of the board of
town auditors previous to the first Tuesday in September
renders valid the levy of excess road and bridge taxes. Ap-
pellant contends that the decisions of this court have been
to the effect that notwithstanding the amendment of the
Township Organization law authorizing special meetings to
be held, the consent must be had on the first Tuesday of
September. A large number of cases decided since the de-
cision of the *Chicago and Eastern Illinois case, supra,* are
cited as authority for this contention. In none of these
cases, however, was the consent of the board of town aud-
itors attempted to be given at a meeting specially called for
that purpose prior to the first Tuesday in September. The
argument is, however, that since this court in that case de-
cided that the consent was to be given on the first Tuesday
in September, and the later authorization to the board of
town auditors to hold special meetings does not change the
application of section 56 of the Road and Bridge act, that
section must still be construed as requiring such consent on
the first Tuesday in September. Under the construction
given the language of section 56 in the previous opinions
of this court we are required to sustain this objection. The
language of section 56 having been construed to require that
the consent of the board of town auditors be secured on
the first Tuesday in September, such consent cannot be se-
cured at any other time in the absence of legislative author-
ity. The language of that act cannot be given two mean-
ings. The act prohibits the levy of the tax unless certain
conditions are complied with. In construing the language
prescribing these conditions, we have said as to this one

that the date on which the consent of the board of town auditors is to be secured is the first Tuesday in September. The amendment of the Township Organization law conferring the right on the board of town auditors to hold special meetings did not confer on it the power to give consent to the levy of additional road and bridge taxes at such meetings, and such amendment cannot be construed as an amendment of section 56 of the Road and Bridge act so as to confer such power on the board of town auditors. The county court therefore erred in overruling appellant's objection to this tax.

The judgment of the county court is reversed and the cause remanded to that court, with directions to sustain appellant's objection.

*Reversed and remanded, with directions.*