THE PEOPLE *ex rel.* B. F. Coffman, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed April 23, 1926.*

1. TAXES—*when consent to additional town road and bridge tax must be obtained.* Consent to the levy of an additional town road and bridge tax can be obtained only at the regular meeting of the board of town auditors held on the first Tuesday in September, and such consent cannot be given at a special meeting, notwithstanding the amendment of 1923 to the Township Organization act, authorizing the board of auditors to hold special meetings.

2. SAME—*when levy for "miscellaneous expenses" is void.* To justify the levy of a tax under the description "contingent" or "miscellaneous expenses" the amount must be a very small proportion of the entire tax, and a levy of such an item amounting to nearly one-fourth of the total levy is void.

3. SAME—*when sanitary district taxes are not subject to reduction under act of 1901.* Sanitary district taxes are not subject to reduction under the scaling process of the act of 1901 where the act under which the district was organized provides that the annual tax, and the taxes levied for payment of principal and interest upon the bonded indebtedness of the district, shall not be included in the aggregate of all taxes required to be reduced under said act.

4. SAME—*tax is presumed to be regular in absence of contrary showing.* In the absence of a showing in support of an objection to a tax the presumption will be indulged that the tax is regular and valid.

APPEAL from the County Court of Macon county; the Hon. JOHN H. McCoy, Judge, presiding.

LEFORGEE, BLACK & SAMUELS, (N. S. BROWN, of counsel,) for appellant.

CHARLES F. EVANS, State's Attorney, A. R. IVENS, BYRON M. MERRISS, RALPH J. MONROE, McMILLEN & Mc-MILLEN, and LEE BOLAND, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The county collector of Macon county made application to the county court of that county for judgment and order of sale of lands returned delinquent for non-payment of taxes for the year 1924. The Wabash Railway Company filed objections to certain of these taxes. On a hearing the objections were overruled, judgment was rendered, and this appeal followed.

For road and bridge purposes the county clerk extended against the taxable property of the town of Decatur a rate of sixty-six cents on each $100 of assessed valuation. The consent in writing of the board of town auditors to the extension of a rate in excess of fifty cents was obtained at a special meeting of that board which was held on the 30th day of August. The objection is that the extension of the additional rate of sixteen cents was unauthorized because the commissioner of highways failed to secure the written consent of the board of town auditors to the excess tax at its regular meeting on the first Tuesday in September.

A condition precedent to the extension of a road and bridge tax at a rate exceeding fifty cents on each $100 of assessed valuation is the consent in writing of a majority of the members of the board of town auditors to a greater rate, which in no case shall exceed sixty-six cents. (Cahill's Stat. 1925, sec. 56, p. 2080.) The requisite consent can only be obtained at the regular meeting of the board of town auditors held on the first Tuesday in September. It cannot be given at a special meeting held prior to that day. (*People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 319 Ill. 415; *People* v. *Chicago and Eastern Illinois Railway Co.* 319 id. 171, and id. 163.) The amendment to section 3 of article 13 of the Township Organization act effective July 1, 1923, (Cahill's Stat. 1925, p. 2357,) which, in addition to the semi-annual meetings prescribed, authorizes the board of auditors, in its discretion, to meet

at such other times as it may determine, is not an amendment of section 56 of the Road and Bridge act and does not confer upon boards of town auditors the power to consent to the levy of additional road and bridge taxes at such special meetings. (*People* v. *Chicago and Eastern Illinois Railway Co.* 319 Ill. 171; *People* v. *Chicago, Milwaukee and St. Paul Railway Co. supra; Same* v. *Same,* 314 Ill. 378; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 314 id. 455.) The objection to the excess road and bridge tax in the town of Decatur should have been sustained.

It appears from the town clerk's record offered in evidence by the appellant that the highway commissioner of the town of South Wheatland certified to the board of supervisors of Macon county, among other things, that at a regular meeting held on the first Tuesday of September, 1924, at the town clerk's office, for the purpose of determining the tax rate to be certified to the county board for road and bridge purposes, the highway commissioner determined that the rate of tax necessary to be levied for those purposes upon all the taxable property of the town should be sixty-six cents on each $100 valuation as assessed and equalized for the year 1924; that a majority of the board of town auditors consented to the levy and extension of that rate, and that the amount necessary to be raised by taxation for road and bridge purposes, specifying each item, was $11,400, which sum was levied, and required, it was stated, a rate of sixty-six cents. The highway commissioner's certificate filed with the county clerk was also offered in evidence by the appellant. In its introductory part it recited that the commissioner had determined that the tax rate for road and bridge purposes should be fifty cents on each $100 of assessed valuation. There followed, however, in the same certificate, the statement that the board of town auditors, at the regular meeting held on the first Tuesday of September and before the levy was made, con-

sented in writing to the levy and extension of a rate of sixteen cents in addition to the rate of fifty cents on each $100 of assessed valuation, and it was certified that $11,-400, constituted of the items set forth in the town clerk's record, was necessary and required a rate of sixty-six cents. The written consent of the town auditors was attached to the commissioner's certificate. The county clerk extended the road and bridge tax of the town at the rate of sixty-six cents on each $100 of assessed valuation. Appellant's objection is that the additional rate of sixteen cents is void. Notwithstanding the recitation in the first paragraph of the highway commissioner's certificate, which was on a printed form, that the tax rate should be fifty cents, he certified in the same instrument, following the statement that the town auditors had consented to the additional tax, that a rate of sixty-six cents was necessary. The town auditors' consent was obtained before the tax levy was made, and both the certificate and the town clerk's record show that the amount levied required the maximum rate. The proceedings necessary to determine, fix, levy and certify that rate were properly taken. The road and bridge tax of the town of South Wheatland is therefore valid and appellant's objection to it was properly overruled.

The road and bridge tax of the town of Niantic was also certified and extended at the rate of sixty-six cents on each $100 of assessed valuation. The record of the proceedings and the highway commissioner's certificate for the levy and certification of this tax are similar to the record and certificate for the levy and certification of the road and bridge tax in the town of South Wheatland. Appellant's objection to the additional tax is the same in both towns, and for the reasons already stated the objection was properly overruled.

The village of Niantic levied taxes for various purposes, aggregating $3400, which included an item of $800 for miscellaneous expenses. Appellant objected that the item was void, and that, in consequence, the village tax upon its

property was excessive to the extent of $76.88. The county court reduced the tax $36.62 and rendered judgment for the balance, $40.26. The item of $800 constitutes nearly one-quarter of the total levy. To justify the levy of a tax under the description "contingent" or "miscellaneous expenses" the amount must be a very small proportion of the entire tax. (*People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 319 Ill. 415; *People* v. *Wabash Railway Co.* 314 id. 388; *People* v. *Millard,* 307 id. 556; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 256 id. 501; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 253 id. 100.) The tax-payer's right to have separately stated the purposes for which a tax is levied is a substantial right, and he cannot be deprived of it under the guise of possible needs. (*People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 319 Ill. 415.) The item for miscellaneous expenses levied by the village of Niantic was void, and appellant's objection thereto should have been sustained.

Appellant objected to the taxes levied by the Sanitary District of Decatur, the Decatur Park District and the city of Decatur, on the ground that the tax in each instance was in excess of the rate authorized when properly reduced or scaled in accordance with "An act concerning the levy and extension of taxes," approved May 9, 1901, as subsequently amended. (Smith's Stat. 1923, p. 1762.) The parties stipulated that the Sanitary District of Decatur was organized by virtue of an act entitled "An act to create sanitary districts and to provide for sewage disposal," approved June 22, 1917, as subsequently amended, (Smith's Stat. 1923, p. 816,) and that the Decatur Park District was organized under an act entitled "An act to provide for the organization of park districts and the transfer of submerged lands to those bordering on navigable bodies of water," approved June 24, 1895, as subsequently amended. (Smith's Stat. 1923, p. 1482.)

Section 12 of the act under which the Decatur Sanitary District was organized provides that the annual tax and the taxes levied for the payment of the principal and interest upon the bonded indebtedness of the district shall not be included in the aggregate of all the taxes required to be reduced under the provisions of the act of May 9, 1901, concerning the levy and extension of taxes, as amended. Such a provision in the act by virtue of which a sanitary district is created exempts the taxes from the scaling process. (*People* v. *New York, Chicago and St. Louis Railroad Co.* 316 Ill. 452.) The objection to the tax levied by the Decatur Sanitary District was properly overruled.

The tax levied by the Decatur Park District was extended at the rate of eleven cents on each $100 of assessed valuation. Section 2 of the act of May 9, 1901, as amended, provides that the tax levy for park purposes in districts organized under the act by virtue of which the Decatur Park District exists shall not be reduced below a rate of twenty-three cents on each $100 assessed value, exclusive of levies to pay the principal and interest on bonded indebtedness and judgments. Obviously, the park district tax, extended at the rate of eleven cents, could not, by the express provision of the act of May 9, 1901, as amended, be reduced. The objection has no merit.

No evidence was offered to sustain appellant's objection to the tax levied by the city of Decatur. In the absence of a showing by appellant in support of its objection the presumption will be indulged that the tax is regular and valid. *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 314 Ill. 378.

The judgment of the county court is reversed as to the excess road and bridge tax of the town of Decatur and the item for miscellaneous expenses levied by the village of Niantic, and in all other respects that judgment is affirmed.

*Affirmed in part and reversed in part.*