(No. 17881.—Judgment affirmed.)
THE PEOPLE *ex rel.* Harry B. Luers, County Collector, Appellee, *vs.* THE CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Appellant.

*Opinion filed December 23, 1926.*

1. TAXES—*taxes must be levied and collected annually.* The statutes provide for the levy and collection of taxes annually, and no other tax is known to the law except an annual tax.

2. SAME—*when taxes authorized by special election are levied in "current" year—sanitary districts.* The general rule that taxes authorized at a special election must be levied in the "current" year does not mean the calendar year but means the year between the times fixed by law for the certification of taxes to the county clerk, which in the case of sanitary district taxes is the time between the second Tuesday of August in one year and the second Tuesday of August in the ensuing year, and such a tax authorized in November, 1924, may be levied in the year 1925.

APPEAL from the County Court of Sangamon county; the Hon. ORAMEL B. IRWIN, Judge, presiding.

STEVENS & HERNDON, ELMER NAFZIGER, BENJAMIN S. DEBOICE, and THAD S. STEVENS, for appellant.

H. E. FULLENWIDER, State's Attorney, and BARBER & BARBER, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from an order of the county court of Sangamon county overruling objections filed by appellant, the Central Illinois Public Service Company, to a part of the taxes levied by the Springfield Sanitary District for the year 1925 upon the taxable property of the company within said district and entering judgment against appellant for the taxes objected to, amounting to $3805.13, plus penalties and cost of advertising.

The Springfield Sanitary District was organized on April 18, 1924, by virtue of an act entitled "An act to create sanitary districts and to provide for sewage disposal," approved June 22, 1917, and the tax here in question was an additional tax alleged to have been authorized by a vote of the electors of the district pursuant to the provisions of section 12 of that act. Under the act the district had authority to levy, over and above the amount levied for principal and interest on bonds, an amount equal to one-third of one percentum of the assessed value within the district for general purposes, with the right to levy an additional one-third of one percentum if approved by vote, as in section 12 required. The trustees of the district, by ordinance passed June 29, 1925, caused to be levied for all purposes upon all property within the corporate limits of the district the sum of $337,900. Of this amount the sum of $210,000, in which was included the additional tax in question, was levied for general purposes and the sum of $127,-900 was levied for the payment of the principal and interest on bonds issued by the district. The county clerk, in order to produce the amount levied for all purposes by the trustees of the district, extended a rate of $1.05 on each $100 of assessed valuation. Sixty-five cents of this $1.05 was extended by the clerk to produce the amount levied for general purposes, and the remaining 40 cents was extended by him to produce the amount levied to pay the principal of and interest on bonds. The total tax assessed against

appellant for the Springfield Sanitary District for the year 1925 was $12,617.48. Of this amount $4806.66 was for the payment of the principal of and interest on bonds, and the balance, amounting to $7810.82, was for general purposes. Appellant paid the amount assessed against it for the payment of the principal of and interest on bonds and also paid $4005.69 of the amount assessed against it for general purposes. The sum so paid by appellant was produced by the 40 cents extended by the clerk for the payment of the principal of and interest on bonds and by 33⅓ cents of the 65 cents extended by the clerk for general purposes. In other words, appellant paid all of the taxes assessed against it by the district except the additional tax. Appellant filed objections to the entry of judgment against its property for taxes levied for general purposes by the Springfield Sanitary District in excess of 33⅓ cents on each $100 assessed valuation on the ground that the voters of the district had not authorized a levy for general purposes for the year 1925 in excess of 33⅓ cents on each $100 assessed valuation. The amount of the tax objected to by appellant is $3805.13.

Propositions for the issuing of bonds and the levy of the additional tax in excess of 33⅓ cents were submitted to the voters of the district at an election held on November 4, 1924, and both propositions were carried. It is agreed that the proposition to authorize the trustees of the district to levy an amount in excess of 33⅓ cents on each $100 assessed valuation was not submitted to the voters of the district in 1925, and that the election of November 4, 1924, was the only election at which a proposition purporting to authorize an additional levy was ever submitted to the voters of the district.

Appellant contends that the trustees of the district were without authority to levy an amount in excess of 33⅓ cents on each $100 assessed valuation for the year 1925 for purposes other than the payment of the principal of and in-

terest on bonds, for the reason that the single election of 1924 did not authorize the levy of an additional tax in 1925, and that under the statute the voters at the election of November 4, 1924, could not, in any event, authorize the levy of an additional amount for any year other than 1924, and cites in support of its contention authorities to the effect that when a tax is authorized at a special election it must be levied in the current year. The term "current year," as used in the authorities, however, does not mean calendar year. The statutes of this State provide for the levy and collection of taxes annually, and no other tax is known to the law except an annual tax. (*Harris* v. *Gordley,* 305 Ill. 442.) Section 12 of the Sanitary District act requires the amount to be raised by taxation in each year to be certified to the county clerk on or before the second Tuesday in August. When the election was held on November 4, 1924, the time for certifying taxes for the year 1924 had passed. The first time when the tax authorized by the election of November, 1924, could be certified was on the second Tuesday in August, 1925, and it was so certified at that time. It is evident that what is meant by the term "current year" in the authorities cited is the year between the times fixed by law for the certification of taxes to the county clerk, and in the case of sanitary district taxes is the time between the second Tuesday of August in one year and the second Tuesday of August in the ensuing year.

Other questions are raised and discussed by appellant in its brief, but as these questions do not relate to the objections to the tax here in question they are not involved in this case and are therefore not considered or discussed in this opinion.

The county court properly overruled the objections to the tax in question, and its judgment is affirmed.

*Judgment affirmed.*