THE PEOPLE *ex rel.* Basil W. Ogg, County Collector, Appellee, *vs.* THE CENTRAL ILLINOIS PUBLIC SERVICE· COMPANY, Appellant.

*Opinion filed December 21, 1927—Rehearing denied Feb. 10, 1928.*

1. TAXES—*grant of power to levy a tax must be strictly construed.* As there is no inherent power in municipal corporations created by authority of the State to levy taxes the language of an act granting the authority to tax must be strictly construed, and municipal authorities who assume to exercise the power to tax must be able to show their warrant for the exercise in the words of the act granting the power.

2. SAME—*prior to 1927 election for additional sanitary district tax did not authorize continuing an annual levy.* Prior to 1927 an election authorizing an additional tax for corporate purposes of a sanitary district organized under the act of 1917 did not confer authority to levy the additional tax from year to year, as there is nothing in the act, prior to the amendment of the first paragraph of section 12 in 1927, to indicate that the additional tax so authorized by vote is to be continued as a regular tax but it must be presumed that the additional tax is to be used for some unusual expenditure occurring in some particular year.

3. SAME—*subsequent legislation cannot cure want of power of municipal corporation to levy tax.* If the power of a municipal corporation to levy a tax does not exist at the time it is levied such power cannot be granted by subsequent legislation, as such legislation would amount to the imposition of a tax for municipal corporate purposes by the General Assembly, in violation of section 10 of article 9 of the constitution.

4. STATUTES—*subsequent legislation cannot be considered in construing statute.* Past or concurrent legislation *in pari materia* may be considered in interpreting a particular statute but not subsequent legislation.

APPEAL from the County Court of Sangamon county; the Hon. ORAMEL B. IRWIN, Judge, presiding.

STEVENS & HERNDON, ELMER NAFZIGER, BENJAMIN S. DEBOICE, and THAD S. STEVENS, for appellant.

H. E. FULLENWIDER, State's Attorney, and BARBER & BARBER, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The Springfield Sanitary District was organized April 18, 1924, under the act of June 22, 1917. Section 12 of the act authorizes the board of trustees to levy and collect taxes for general corporate purposes upon property within the territorial limits of the district, the aggregate amount of which for each year shall not exceed one-third of one percentum of the assessed value of the taxable property within the district, with a proviso that a like sum in addition to such regular annual tax may be levied when such additional tax has been authorized by the voters of the district at an election called therefor. . A proposition for the levy of such additional tax was submitted to the voters of the district at an election held November 4, 1924, and was carried. In 1925 the additional tax was levied and extended pursuant to the authority granted by the voters, and this tax was held valid in *People* v. *Central Illinois Public Service Co.* 324 Ill. 85. No other election was held but the board of trustees levied the additional tax for 1926. Appellant, which is one of the property owners within the district, paid the amount assessed against it for payment of principal and interest on bonds and half of the amount assessed against it for general corporate purposes. It refused to pay the additional tax which the board of trustees undertook to levy pursuant to the authority granted by the voters in November, 1924, and the county collector made application for judgment for this additional tax, which amounted to $4131.20. Appellant filed objection to the entry of judgment against its property for taxes levied for general corporate purposes in excess of thirty-three and one-third cents on each $100 assessed valuation, on the ground that the board of trustees of the Springfield

Sanitary District was without authority to levy such excess tax in 1926. The objection was overruled and judgment was entered. This appeal followed.

There is no inherent power in municipal corporations created by authority of the State to levy taxes. (*People* v. *Wabash Railway Co.* 286 Ill. 15; *People* v. *Lake Erie and Western Railroad Co.* 248 id. 32.) The rule accepted by all authorities is that the language of an act granting the authority to tax shall be strictly construed. The reasonable presumption is that the State has granted in clear and unmistakable terms all it intends to grant, and the municipal authorities who assume to exercise the power to tax must be able to show their warrant for the exercise in the words of the act granting the power. (*Commissioners of Highways* v. *Newell*, 80 Ill. 587; *Town of Drummer* v. *Cox*, 165 id. 648; *People* v. *Payne*, 296 id. 483.) Reading section 12 in the light of these rules, we are unable to find a continuing authority to levy a tax in excess of the regular tax after it has once been authorized by the voters of the district. The district is given authority to levy and collect an annual tax for general corporate purposes, and this is a continuing authority. The authority to levy the additional tax depends upon a favorable vote in an election called for the purpose. There is no method provided by the act for discontinuing the tax, nor is there a time limit fixed in the act for the levying of the additional tax as we find in many other acts providing for the authorizing of an additional levy by a vote of the people. Certainly it must be said there is doubt whether the legislature intended the authority to levy the additional tax to continue from year to year after it was once authorized by the voters of the district, and that doubt, under all the authorities on the subject, must be resolved against the district and in favor of the tax-payers.

Appellee contends that the last sentence of the section indicates a legislative intent to grant a continuing authority

to levy the additional tax after it has once been authorized by the legal voters. This sentence reads: "The annual tax provided for herein and the taxes levied hereunder for the payment of the principal of and the interest upon bonded indebtedness of the district shall not be included in the aggregate of all the taxes required to be reduced under the provisions of" the Juul law. The argument is that the legislature would not have excluded the regular tax for corporate purposes from the provisions of the Juul law without excluding the additional tax where it had been authorized by the voters of the district, and that "annual tax" therefore refers to all the taxes to be collected for general corporate purposes, whether the regular tax of thirty-three and one-third cents on the $100 or the enlarged tax of sixty-six and two-thirds cents. We agree that "annual tax" includes all of the tax levied in any one year for general corporate purposes, and it was so treated in *People* v. *Wabash Railway Co.* 321 Ill. 39. We do not agree, however, that this indicates an intention on the part of the legislature that authority granted in 1924 by the voters of the district to levy the additional tax for 1925 carried with it the authority to levy the additional tax thereafter without limit of time. "Annual tax" means one that is levied each year, but it may be greater or less from year to year.

Appellee's contention that *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 319 Ill. 415, is authority for holding that the authorized additional tax is a continuing tax is without merit. The statute under consideration in that case authorized city and village authorities to establish and maintain public parks and to levy a tax not to exceed two mills on the dollar, annually, for such purpose on all taxable property within the corporate limits of such city or village, with a proviso that, if authorized by the voters at an election called for the purpose, said annual tax might be levied in addition to and in excess of taxes levied for other

general corporate purposes. It was held that the grant of power to tax for the establishment and maintenance of a public park was a continuing power, and that the authority given by the electors to levy the tax in addition to and in excess of taxes levied for other purposes was likewise a continuing power. In that case but one tax was mentioned in the section under consideration, and the form of the ballot prescribed in a subsequent section of the same act showed that the authority to levy the tax in addition to regular taxes was a continuing authority. In the case before us there is a regular tax provided by section 12 of the Sanitary District act of 1917, and in addition thereto provision is made for the securing of authority to levy an additional tax for the same corporate purposes. It must be presumed that this additional tax is to be used for some unusual expenditure occurring in some particular year. Since the act specifically provides for a regular annual tax for corporate purposes, there is nothing in it to indicate that the additional tax is to be continued as a regular tax from year to year.

In 1927 there was added to the first paragraph of section 12 of the Sanitary District act of 1917 this sentence: "The right to levy such additional tax heretofore or hereafter authorized by the legal voters may at any time, after one or more tax levies thereunder, be terminated by a majority vote of the electors of such district at an election called for such purpose by the trustees of such district." From a reading of the entire section as amended it appears that the legislature now intends that an additional tax authorized by the voters of a district shall be levied annually after it has been authorized, until such voters, at an election called for the purpose, terminate the authority to levy the tax. Appellee contends that this amendment removes all doubt as to the meaning of the original act "both (*a*) as recognizing and confirming any taxing power theretofore voted, and (*b*) as a legislative construction of

the act, which should be accorded great weight and followed by the courts." Answering the second point of the argument first, it might as well be contended that the Fifty-fifth General Assembly recognized that the Fiftieth General Assembly had not by the act of 1917 granted a continuing power to levy the additional tax, and so it made the change in 1927 so that the power might be continuing until the voters terminated it. The intention of the Fiftieth General Assembly, which passed the act of 1917, can not be determined by the action of the Fifty-fifth General Assembly in amending the original act. Past or concurrent legislation *in pari materia* may be considered in interpreting a particular statute, but not subsequent legislation. If this were not true the same law might have a different meaning with each passing General Assembly. In answer to the first point, it is suggested that the validity of the tax in question must be determined as of the time the tax was levied. (*People* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.* 316 Ill. 410.) If the power to levy the tax does not exist at the time it is levied such power cannot be granted by subsequent legislation. To undertake by subsequent legislation to give life to a levy made without authority would be in violation of section 10 of article 9 of the constitution, which prohibits the General Assembly from imposing taxes upon the inhabitants or property of municipal corporations for corporate purposes. *People* v. *Illinois Central Railroad Co.* 310 Ill. 212; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 321 id. 499.

The judgment of the county court of Sangamon county is reversed.

*Judgment reversed.*