[No. 26563. Department One. August 16, 1937.]

J. H. COLLINS, *Respondent*, v. THE TOWN OF BUCODA et al., *Appellants*.[1]

[1] Reported in 70 P. (2d) 1062.

*H. E. Grimm,* for appellants.

*Delos Spaulding* and *E. W. Anderson,* for respondent.

MAIN, J.—This action was brought to compel Bucoda, a town of the fourth class, and its officers to provide, by ordinance, in compliance with chapter 183 of the Laws of 1925, Extraordinary Session, p. 551, a local improvement guaranty fund and to place therein an annual tax levy as provided by the statute. The cause was tried to the court and resulted in findings of fact from which it was concluded that the plaintiff was entitled to the relief sought. From the judgment entered to this effect, Bucoda and its officers appeal.

The facts are not in dispute, and will be stated only in so far as it is necessary to present the question here for determination. Early in the year 1925, Bucoda passed resolutions to improve a street in the town by paving, and such work in connection therewith as might be necessary. April 20th of that year, an ordinance was passed creating a local improvement district, and immediately thereafter bids for the improvement were called for. The contract was let to J. H. Collins & Company, and the improvement was completed, and accepted October 19, 1925. Thereafter, the balance of the warrants due the contractor for the payment of the improvement was issued and delivered. A local improvement assessment roll was prepared and approved. April 10, 1926, the town issued to J. H. Collins & Company, the contractor, local improvement bonds in payment of, and in accordance with the contract for, the improvement, and delivered the same to the contractor. The town has not passed any ordinance creating a guaranty fund under the provisions of the Laws of 1925, above mentioned, or made any tax levy for maintaining such a fund.

The act referred to became effective April 7, 1926.

From the statement made, it thus appears that the improvement was ordered prior to the effective date of the statute, and the bonds were issued subsequent to that date.

The general question presented is whether bonds, issued subsequent to the effective date of the statute, for an improvement which was ordered prior thereto, come within the provisions of the act.

Section 1 of chapter 183 of the Laws of 1925, Extraordinary Session, p. 551, provides that:

"There is hereby established for each city and town in the State a fund for the purpose of guaranteeing, to the extent of such fund and in the manner hereinafter provided, the payment of its local improvement bonds and warrants issued to pay for any local improvement ordered subsequent to the effective date of this act: . . ."

Section 2 provides that:

"For the purpose of maintaining such fund every city or town issuing local improvement bonds or warrants after April 7, 1926, shall be deemed and held to have pledged to the fund a tax credit of the city or town in an amount equal to five per cent of the bonds or warrants so issued. . . ."

It will be noticed that, by § 1, the fund provided for shall be for the purpose of paying local improvement bonds and warrants issued to pay for any local improvement "ordered" subsequent to the effective date of the act. Section 2 directly provides that, for the purpose of maintaining the fund, every city or town issuing local improvement bonds or warrants after April 7, 1926, the effective date of the act, shall be deemed and held to have pledged to such fund a tax credit of the city or town in the amount there specified.

These respective provisions are in irreconcilable conflict. Section 1, which provides for the establish-

ing of the fund, makes it applicable to bonds or warrants for an improvement ordered subsequent to the effective date of the act; while § 2 provides that, for the purpose of maintaining such fund, every city or town issuing local improvement bonds and warrants after April 7, 1926, "shall be deemed and held to have pledged to the fund a tax credit of the city or town" in the amount there specified. Section 2 makes no mention of when the improvement was ordered, and is equally applicable to an improvement ordered before the effective date of the act as it is to one ordered subsequently.

If § 1 is controlling, then the judgment of the trial court cannot be sustained. On the other hand, if the provisions of § 2 are controlling, then the case was correctly decided in the superior court. The precise question presented is which section shall control, they being in conflict.

When two sections of a particular statute are in conflict, past legislation upon the same subject-matter may be considered in interpreting the particular statute. *People ex rel. Ogg v. Central Illinois Public Service Co.*, 328 Ill. 440, 159 N. E. 797; *State ex rel. Washington Mutual Savings Bank v. Bellingham*, 183 Wash. 415, 48 P. (2d) 609.

Looking to the past legislation upon the same subject-matter, it appears from chapter 138 of the Laws of 1917, p. 576, that an act had been passed which made it optional for cities of the first class, by ordinance, to create a fund for the purpose of guaranteeing, to the extent of such fund and in the manner therein provided, bonds issued against local improvement districts for the payment of local improvements therein. Under this statute, if a city of the first class should elect to come under the act, the bonds issued for an improvement would be good as against the

fund, even though the improvement had been ordered prior to the time that the act was made effective by the passage of an ordinance.

It appears from chapter 141 of the Laws of 1923, p. 454, that an act had been passed which provided that every city and town had the option to create a fund for the purpose of guaranteeing, to the extent of such fund, the payment of its local improvement bonds, subsequent to the effective date of the act. This act applies to both cities and towns, while the act of 1917 only applied to cities of the first class. In the 1923 act, there is no provision that the bonds issued for an improvement shall cover only those improvements ordered subsequent to the effective date of the act. Under those acts, bonds issued after an election by a city or town to adopt the act, for an improvement ordered before such adoption, were a charge against the fund. In that respect, both of those acts are in direct accord with § 2 of the act of 1925. It thus appears that, in that section, the legislative authority was simply carrying forward what, in effect, were the provisions of the two prior acts.

But it is said that § 2, above referred to, was not carried forward into chapter 209 of the Laws of 1927, p. 308. If the act of 1927 should apply, the present question would not arise, since that act establishes a fund to guarantee payment of local improvement bonds "issued to pay for any local improvement ordered; . . . (c) In any other city or town, subsequent to April 7, 1926." However, in seeking for the legislative intent in the act of 1925, and for the purpose of determining which of the two conflicting sections shall control, subsequent legislation cannot be considered, because, if it could, the "same law might have a different meaning with each passing general assembly." *People ex rel. Ogg v. Central Illinois Pub-*

*lic Service Co.,* 328 Ill. 440, 159 N. E. 797; 59 C. J. 1049. To the same effect, by analogy, is *Penn Mutual Life Ins. Co. v. Lederer,* 252 U. S. 523, 40 S. Ct. 397. It would thus appear that, taking the acts of the legislature mentioned, they indicate a legislative policy, at the time the act of 1925 was passed, to make the bonds issued cover local improvements whether ordered before or after the effective date of that act.

There is another rule of construction that is applied where two sections of a statute are in conflict, and that is, the latest "in order of position or arrangement will prevail." This rule, however, while general, is not an inflexible one, and is subject to some exceptions. Black on Interpretation of Laws (2 ed.), p. 326. None of the exceptions, however, mentioned by the author is applicable to the situation now before us.

The provision of § 2 has not only the advantage of position, under the rule stated, but it is equally clear and more direct than the provision in § 1. Taking into consideration the sequence of the legislation, the fact that § 2 has the advantage of position, and that the provision there made is unequivocal and direct, we are of the opinion that that section must prevail as against the inharmonious provision of § 1.

The judgment will be affirmed.

BLAKE, ROBINSON, and GERAGHTY, JJ., concur.

MILLARD, J. (dissenting)—When the contractor entered into the agreement to make the improvement which was completed almost one year prior to the date (April 7, 1926) the applicable act became effective, the contractor knew that the obligation was that of the improvement district, and that he could not successfully proceed against any guaranty fund, or the city generally, for payment for the improvement. The 1927 amendment of the 1925 act definitely fixed the

effective date of the latter act as April 7, 1926, and omitted that provision of the 1925 act which referred to the issuance of bonds after April 7, 1926. I am of the view that there can be no other reasonable conclusion than that the object of the 1927 amendment was to clarify the 1925 act and eliminate the apparent ambiguity in § 2 of the 1925 act.

The paving improvement was accepted by the town of Bucoda October 19, 1925, and a warrant was delivered to the contractor for eighty per cent of the payment due; the balance of twenty per cent was retained by the municipal corporation, as provided in the contract. The final estimate was allowed by the municipal corporation on December 7, 1925, and a warrant was ordered drawn for the balance due the contractor, to whom the warrant was delivered at that time. Notice of final hearing on the assessment roll for the improvement district was set for January 18, 1926. The final reading and passage of the order confirming the assessment roll was passed February 15, 1926. Prior to April 7, 1926 (effective date of the act), the assessment roll for the district was delivered to the treasurer of the municipal corporation for collection. On April 10, 1926, three days subsequent to the effective date of the act, the municipal corporation issued to J. H. Collins & Company local improvement bonds in payment for the paving improvement.

I am in accord with the contention of counsel for appellants that the time the improvement was ordered and not the time of the issuance of the bonds is the controlling factor, and that a consideration of the three acts providing for the creation of a local improvement guaranty fund cannot lead to any other conclusion than that was the intention of the legislature.

To further extend this opinion by citation of sup-

porting authority would serve no useful purpose. I am convinced that the legislature did not intend any such result as that accomplished by the majority opinion. The judgment should be reversed.